UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 24-CV-11670-AK ) ) |
| ESTATE OF JOHN M. WHITTEMORE and CARLENE R. WHITTEMORE | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER ON PLAINTIFF UNITED STATES OF AMERICA'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**ANGEL KELLEY, D.J.**

This is a tax collection case. John W. Whittemore ("Mr. Whittemore"), now deceased, and his widow, Carlene R. Whittemore ("Mrs. Whittemore") (together, "the Whittemores"), filed joint federal income tax returns for tax years 2008 through 2014. The United States of America (the "Government") alleges that the Whittemores' joint federal income tax liabilities for those years remains unpaid and seeks judgment against the Estate of John M. Whittemore (the "Estate") and Mrs. Whittemore. The Government also moves for judgment on the pleadings against the Estate and against Mrs. Whittemore in her alleged representative capacity. [Dkt. 15] (the "Motion"). For the reasons that follow, the Motion is **GRANTED**.

**I.    BACKGROUND**

**A.   Factual Background**

Mr. Whittemore died intestate in 2017 while residing in Middlesex County, Massachusetts. All of his descendants are also descendants of Mrs. Whittemore. No probate

proceedings have been opened for the Estate.

### B. Procedural History

The Government filed the Complaint on June 27, 2024, alleging that joint federal income tax assessments were made against the Whittemores for tax years 2008 through 2014 and that, despite notice and demand, the liabilities remain unpaid. [Dkt. 1]. The Government alleges that, because Mr. Whittemore died intestate, Mrs. Whittemore is the sole heir and distributee of his property. The Complaint seeks judgment against the Estate and Mrs. Whittemore, both individually and in her alleged representative capacity, for the unpaid taxes and statutory additions.

Mrs. Whittemore was served with two summonses: one in each alleged capacity. [Dkts. 5, 6]. On September 10, 2024, she filed an answer in her individual capacity only. [Dkt. 7]. In a footnote, she denied being the executor, administrator, or representative of her late husband's estate, noting that no probate case has been opened and that she holds no such role. She also denied being the Estate's sole heir or distributee. On the merits, she denied the Government's allegations and asserted several affirmative defenses, including "misnaming" her as the Estate's representative.

The parties later submitted a Joint Proposed Schedule that contemplated time for Mrs. Whittemore to amend her responsive pleading, as the Government had taken the position that she waived any challenge to its allegation that she has representative capacity, because she did not separately answer the Complaint as the alleged representative. [Dkt. 10]. The Schedule identified this as a live issue and provided a 30-day window, until November 14, 2024, for amendment. Mrs. Whittemore did not amend her pleading or respond separately in her alleged representative capacity. During initial discovery, the Government served interrogatories on her.

On March 5, 2025, the Government filed the Motion under Federal Rule of Civil Procedure 12(c), asking the Court to find that Mrs. Whittemore is the de facto executor, administrator, or representative of the Estate for purposes of this litigation.  The Government argues that she is the proper party to be sued in that capacity and that, under Rule 9(a), she waived any challenge to her representative status.  Mrs. Whittemore opposes the Motion and cross-moves for judgment in her favor, seeking a declaration that she holds none of the representative roles alleged by the Government or, alternatively, dismissal of the claims against her in those capacities.  [Dkt. 17].

While the Motion was pending, the parties entered into a Stipulation of Facts and Agreement for Judgment.  [Dkt. 25] (the "Stipulation").  The Stipulation provides that judgment shall be entered against Mrs. Whittemore individually and, if the Court determines she is the de facto executor or administrator of the Estate, judgment shall also enter against the Estate and against her in her representative capacity.  If the Court concludes she is not the Estate's representative, judgment shall still enter against her individually.  Thus, although the Stipulation permits immediate entry of judgment against Mrs. Whittemore individually, it leaves the issues raised in the Motion unresolved.

## II.   LEGAL STANDARD

A motion for judgment on the pleadings is appropriate after the pleadings close when the "facts conclusively establish the movant's entitlement to a favorable judgment."  O'Neil v. Canton Police Dep't, 761 F. Supp. 3d 299, 304 (D. Mass. 2024) (quoting Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54 (1st Cir. 2006)).  A Rule 12(c) motion is evaluated under the same standard as a Rule 12(b)(6) motion.  Taylor v. Milford Reg'l Med. Ctr., Inc., 733 F. Supp. 3d 8, 13 (D. Mass. 2024) (quoting Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007)).  Unlike

Rule 12(b)(6), however, Rule 12(c) "implicates the pleadings as a whole," and the court considers the factual allegations in both the complaint and the answer. Aponte-Torres, 445 F.3d at 55. Assertions in an answer or other responsive pleading that are not denied and do not conflict with the complaint are taken as true. See Santiago v. Bloise, 741 F. Supp. 2d 357, 360 (D. Mass. 2010). The court may also consider "documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." Haley v. City of Bos., 657 F.3d 39, 46 (1st Cir. 2011).

Judgment on the pleadings is appropriate only when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Alexandre v. ASI Assurance Corp., 795 F. Supp. 3d 252, 255 (D. Mass. 2025) (citing C.A. Acquisition Newco, LLC v. DHL Exp. (USA), Inc., 696 F.3d 109, 113 (1st Cir. 2012)). A material fact is one with the "potential of changing a case's outcome." Doe v. Trs. of Bos. Coll., 892 F.3d 67, 79 (1st Cir. 2018). Where material facts are disputed, the motion must be denied. See Alexandre, 795 F. Supp. 3d at 256–57.

In evaluating a Rule 12(c) motion, the court accepts the non-movant's well-pleaded facts as true and draws all reasonable inferences in that party's favor. Id. at 255 (citing Great Lakes Ins. SE v. Andersson, 66 F.4th 20, 24 (1st Cir. 2023)). Cross-motions do not alter this standard; each motion is considered separately. Curran v. Cousins, 482 F. Supp. 2d 36, 41 (D. Mass. 2007), aff'd, 509 F.3d 36 (1st Cir. 2007). The court also "draw[s] on its judicial experience and common sense." Bertolino v. Sequium Asset Sols., LLC, 669 F. Supp. 3d 42, 48 (D. Mass. 2023) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009)).

Applying these principles, the Court concludes that the Government is entitled to judgment on the pleadings.

## III.   DISCUSSION

The Motion presents a single, discrete legal question: whether Mrs. Whittemore may be sued in her representative capacity as the de facto executor, administrator, or representative of the Estate.  The Government advances two independent grounds for relief, which the Court addresses in turn.

### A.   Waiver and Pleading Deficiencies Under Rules 8(b)(6) and 9(a)(2)

The Government first argues that Mrs. Whittemore waived any challenge to her representative capacity by failing to separately answer and plead a specific denial, and by declining to amend her answer within the agreed-upon period.

Under Rule 8(b)(6), "[a]n allegation in a complaint is admitted if a responsive pleading is required and the allegation is not denied."  See also Trs. of IBEW Loc. No. 7 Pension Fund v. DAW MAC Serv. Corp., No. 13-30029-MAP, 2014 WL 4656874, at *3 (D. Mass. Sept. 15, 2014) ("Under [Rule] 8(b) pleading requirements, Defendant's failure to deny the fact alleged . . . or state that it was without sufficient knowledge or information to answer, constitutes an admission.").  Rule 9(a)(2) further requires that a party wishing to contest capacity do so by a "specific denial."

The Government's position is that Mrs. Whittemore's failure to respond in her representative capacity amounts to a waiver or admission.  The record does not support that characterization.  Mrs. Whittemore filed an answer in her individual capacity that included denials of the Government's substantive allegations, a footnote expressly disclaiming that she is the executor, administrator, or representative of the Estate, and an affirmative defense asserting misnaming on the same basis.  She also explained that no probate matter has been opened and that she holds no formal representative role.  Although her denial appeared in a footnote and her

5

answer was filed only in her individual capacity, the substance of her response directly contests the Government's allegations regarding representative status. Under these circumstances, the Court cannot construe her answer as a waiver to contest the representative capacity or an admission under Rule 8, or as a failure to make the "specific denial" contemplated by Rule 9. Her affirmative defense, that she "is not the actual or 'de facto' executor, administrator or personal representative of the estate of her late husband" and that claims against her in those capacities should be dismissed, was sufficiently specific and fact-based to preserve the representative capacity issue.

It is true that the parties negotiated a Schedule identifying her purported representative capacity as a live issue and providing a 30-day window for amendment, which Mrs. Whittemore did not utilize. But her failure to amend does not convert her existing denials into admissions, nor does it amount to waiver where her answer already placed the issue in dispute. The Court therefore rejects the Government's waiver argument.

      **B.    Independent Basis to Sue Mrs. Whittemore as the Estate's Representative**

The Government next argues that, even absent waiver, the undisputed record and governing federal law independently support treating Mrs. Whittemore as the Estate's de facto representative for purposes of this tax-enforcement action. The Court agrees.

Section 7402 authorizes district courts "to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). The First Circuit has described this provision as conferring "a full arsenal of powers to compel compliance with the internal revenue laws." Brody v. United States, 243 F.2d 378, 384 (1st Cir. 1957). The Internal Revenue Code imposes estate-related tax obligations on an "executor," a term defined broadly to include not only a formally appointed personal representative but also

"any person in actual or constructive possession of any property of the decedent." 26 U.S.C. § 2203. Courts have consistently applied this definition to permit the Government to pursue tax liabilities against individuals who, though not formally appointed, possess or control estate property. See, e.g., United States v. McNicol, 829 F.3d 77 (1st Cir. 2016) (affirming summary judgment for the government who sued an estate and widow (both individually and as executrix) to reduce the estate's unpaid federal tax liabilities to judgment); Est. of Schoenfeld, 344 F. Supp. 3d 1354 (M.D. Fla. 2018) (allowing government to pursue an IRS-assessed civil penalty from the son of decedent because he was the sole beneficiary of decedent's estate); Est. of Gudie v. Comm'r, 137 T.C. 165 (2011) (holding that the niece of the decedent was the statutory executor because she was in actual or constructive possession of her aunt's property and signed off on the decedent's tax return); Sommer v. Comm'r of Internal Revenue, No. 4664-09S, 2010 WL 5395628 (T.C. Dec. 28, 2010) (holding widow responsible for filing joint return and remitting payment for federal income tax liabilities after her husband died); Guida's Est. v. Comm'r of Internal Revenue, 69 T.C. 811 (1978) (holding that the surviving joint tenant who received the decedent's jointly held saving accounts and real property was the statutory executor because they were in actual possession of the decedent's property). Likewise, beneficiaries who actually or constructively possess estate property may litigate tax matters on the estate's behalf. See Singer v. Comm'r of Internal Revenue, No. 23277-13, 2016 WL 985580 (T.C. Mar. 14, 2016).

The Government alleges, and the record reflects, that the Whittemores have unpaid federal income tax liabilities for tax years 2008 through 2014, totaling $241,600.04 as of April 29, 2024. [Dkt. 1]. Such assessments are "entitled to a legal presumption of correctness." Kellner v. Quinn, 654 F. Supp. 3d 59, 64 (D. Mass. 2023) (quoting United States v. Fior D'Italia, Inc., 536 U.S. 238, 242 (2002)). Mrs. Whittemore does not contest her individual liability. It is

7

undisputed that Mr. Whittemore died intestate in 2017, that no probate proceeding has been opened, and that Mrs. Whittemore is the surviving spouse.  Under Massachusetts law, where all a decedent's descendants are also the surviving spouse's descendants, the surviving spouse is entitled to the entire intestate estate.  Mass. G.L. ch. 190B, § 2-102.  Mrs. Whittemore's interrogatory responses confirm that all Mr. Whittemore's descendants are also her descendants, that she is the sole heir, and she acquired his assets at the time of his death.  [Dkt. 15-1].  No other person has been appointed or identified as a personal representative.  On this record, Mrs. Whittemore is the person who actually or constructively possesses and controls the decedent's property.  See Mass. G.L. ch. 190B § 3-203(a).  She therefore qualifies as the Estate's de facto representative for purposes of federal tax enforcement.  The absence of a formal probate appointment does not preclude the Government from proceeding against her in that capacity.

Mrs. Whittemore raises concerns regarding fiduciary duties, renunciation procedures, and the probate exception, but these concerns do not alter the Court's analysis.  The present litigation does not seek to administer the estate, distribute property, or intrude upon the jurisdiction of the Massachusetts Probate Court.  It seeks only to adjudicate and enforce federal tax liabilities. Treating Mrs. Whittemore as the de facto representative for this limited purpose does not impose general fiduciary obligations or require the Court to resolve collateral probate matters.

## IV.    CONCLUSION

The statutory definition of "executor," the undisputed facts establishing that Mrs. Whittemore is the sole heir who acquired and controls the decedent's assets, and the absence of any appointed personal representative together establish that she is the Estate's de facto representative for purposes of this action.  The Government's Motion for Judgment on the Pleadings [Dkt. 15] is therefore **GRANTED** as to the claims against the Estate and as to the

claims against Carlene R. Whittemore in both her individual and representative capacities. The parties shall confer and submit a joint proposed order setting forth the relief to which the United States is entitled consistent with this Memorandum and Order.

    **SO ORDERED.**

Dated: December 16, 2025                       /s/ Angel Kelley
                                                             Hon. Angel Kelley
                                                             United States District Judge